## (May 31, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELMA F.

ETOLL, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 23, 1978, upon a verdict convicting defendant of two counts of the crime of promoting prostitution in the second degree and one count of the crime of permitting prostitution. Defendant was indicted for two counts of promoting prostitution in the second degree and one count of permitting prostitution. After a trial, she was found guilty on all three counts. This appeal ensued and defendant raises several issues urging reversal. The convictions were based largely on two tape recorded conversations between defendant and a police officer who posed as a "john", and two notebooks which were in plain view near the telephone in defendant's apartment and seized by the officer at the time he arrested a girl found in the apartment. The defendant did not take the stand or produce any witnesses. An examination of the tapes demonstrates that the officer was to see one of three girls procured by defendant and was to pay a fee of $30. The officer also testified that from his experience the notebooks were receipts for prostitution. Initially, defendant contends that the trial court erred in denying the motion to suppress the notebooks. The record reveals that the officer was lawfully in the apartment with a warrant for defendant's arrest and defendant was still at large. Furthermore, the record reveals that while the officer anticipated the arrest of defendant and the discovery of prostitution activity, the discovery of the notebooks was inadvertent. Such evidence could easily have been destroyed. The trial court, in our view, properly denied the suppression motion (*Coolidge v New Hampshire,* 403 US 443; *People v Jackson,* 41 NY2d 146). Defendant also contends that the notebooks were improperly received in evidence since the officer lacked the expertise on which to base an opinion that the notebooks were records of prostitution and he failed to connect the notebooks to the defendant. In our view, the expertise of the officer who seized the notebooks was amply demonstrated at trial. Concerning defendant's contention that the notebooks were not properly connected to the defendant, it is the opinion of this court that even if the notebooks were improperly received in evidence, the proof of defendant's guilt was overwhelming and there was no significant probability that this error might have contributed to defendant's conviction. Consequently, the error, if any, was harmless (*People v Crimmins,* 36 NY2d 230). We have examined all other issues raised by defendant and find they lack merit and require no further comment by us. The judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.